UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KRYSTAL KEMP, | * | |
| | * | CIVIL DOCKET NUMBER:  25-1216 |
| Plaintiff | * | |
| | * | |
| VERSUS | * | |
| | * | |
| GERALD STICKER, IN HIS | * | SECT: |
| OFFICIAL CAPACITY AS SHERIFF | * | |
| OF TANGIPAHOA PARISH; TURN | * | JUDGE: |
| KEY HEALTH CLINICS, INC.; | * | |
| JAMES CONSTANZER; MORITHA | * | MAG: |
| JOHNSON; SAVANNAH CLARK; | * | |
| TAMMIE WALGAMOTTE; CHAD | * | |
| EZELL, IN HIS OFFICIAL | * | |
| CAPACITY AS SHERIFF OF | * | |
| MADISON PARISH; TABITHA | * | |
| GRANTHAM; AND TIFFANY | * | |
| ASHLEY, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| ******************************** | | |

## **COMPLAINT**

1.     Plaintiff **KRYSTAL KEMP**, through undersigned counsel, hereby files this civil rights complaint against the above-named Defendants based on their failure to treat her broken wrist while she was in custody, first at the Tangipahoa Parish Jail and then at Madison Parish Correctional Center.  Because the Defendants failed to treat her broken wrist, the Plaintiff later had to receive a much more traumatic and painful surgery to repair the improperly healed bone than she would have had if the Defendants had ensured she received timely treatment.

### **I. JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, and the Eighth and Fourteenth Amendments to the Constitution of the

United States.  Plaintiff also invokes supplemental jurisdiction over claims under state law, pursuant to 28 U.S.C. § 1367.

## II. PARTIES

### (Plaintiff)

3.      **KRYSTAL KEMP** is an adult citizen of the State of Louisiana and is currently domiciled in the Eastern District of Louisiana.

### (Defendants)

Named defendants herein are:

4.      **GERALD STICKER,** who is sued in his official capacity as Sheriff of Tangipahoa Parish, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.  At all times described herein, he was the Sheriff of Tangipahoa Parish and, as such, was responsible for all activities at the Tangipahoa Parish Jail ("TPJ"), a facility under his control.  He was ultimately responsible for the supervision, administration, policies, practices, customs, and operations of the TPJ, including the provision of medical care there.  He was and is a final policy maker, and at all pertinent times was acting under color of law.

5.      **TURN KEY HEALTH CLINICS, INC. ("TURN KEY")**, was at all relevant times the entity with which **SHERIFF STICKER** and the Tangipahoa Parish Sheriff's Office contracted to provide medical services to inmates at the TPJ.  **TURN KEY** was responsible for the provision of all staffing, training, policies and procedures for all medical and mental health personnel at TPJ during the relevant time.

6.      **JAMES CONSTANZER, MORITHA JOHNSON, SAVANNAH CLARK,** and **TAMMIE WALGAMOTTE**, who are sued in their individual capacities, are adult citizens of the State of Louisiana and on information and belief domiciled in the Eastern District of

2

Louisiana. At all pertinent times, Defendants **CONSTANZER, JOHNSON, CLARK**, and **WALGAMOTTE** were employed by Defendant **TURN KEY** as medical staff providing care to inmates at TPJ. These Defendants were acting under color of law at all times herein.

7.    **CHAD EZELL**, who is sued in his official capacity as Sheriff of Madison Parish, is an adult citizen of the State of Louisiana and domiciled in the Western District of Louisiana. At all times described herein, he was the Sheriff of Madison Parish and, as such, was responsible for all activities at the Madison Correctional Center ("MCC") a facility under his control. He was ultimately responsible for the supervision, administration, policies, practices, customs, and operations of the MCC, including the provision of medical care there. He was and is a final policy maker, and at all pertinent times was acting under color of law.

8.    **TABITHA GRANTHAM** and **TIFFANY ASHLEY**, who are sued in their individual capacities, are adult citizens of the State of Louisiana and on information and belief domiciled in the Western District of Louisiana. At all pertinent times, Defendants **GRANTHAM** and **ASHLEY** were employed by Defendant **SHERIFF EZELL** as medical staff providing care to inmates at MCC. These Defendants were acting under color of law at all times herein.

### III. FACTUAL ALLEGATIONS

9.    On August 20, 2024, plaintiff **KEMP** was being held as a pretrial detainee at the Tangipahoa Parish Jail.

10.    On that date, plaintiff **KEMP** accidentally fell out of her upper bunk bed and broke her left wrist. Specifically, she suffered an acute displaced radial fracture with dorsal angulation of the distal fracture fragment. Her left wrist was obviously deformed from the fracture.

11.    Plaintiff **KEMP** reported the fall and injury to the medical department at TPJ, and she was routed to Hood Memorial Hospital.

12.    **KEMP** was seen in the Emergency Room at Hood Memorial and X-rays were taken. The X-rays revealed the left wrist fracture described above.  The ER doctors gave her pain medication and a sling for her arm.  They also instructed that the Plaintiff needed to be seen by an orthopedic doctor for further treatment, to include surgery if necessary, within two (2) days of her discharge.

13.    Hood Memorial transmitted the Plaintiff's discharge instructions to the medical department at TPJ.  These instructions clearly stated that the Plaintiff needed to be seen for further treatment by an orthopedic doctor promptly after her injury.  However, despite being aware that Plaintiff **KEMP** required additional follow-up care from an orthopedic doctor, Defendants **JAMES CONSTANZER, MORITHA JOHNSON, SAVANNAH CLARK,** and **TAMMIE WALGAMOTTE** failed to arrange for **KEMP** to receive such follow-up care. These Defendants ignored the risk that **KEMP's** injury required surgical intervention or other treatment from an orthopedic doctor to ensure proper healing.

14.    Plaintiff **KEMP** remained at TPJ until approximately September 13, 2024.  During this time, Defendants **JAMES CONSTANZER, MORITHA JOHNSON, SAVANNAH CLARK,** and **TAMMIE WALGAMOTTE** failed to ensure that **KEMP** to receive the necessary follow-up care for her broken wrist.

15.    On or about September 13, 2024, plaintiff **KEMP** was transferred out of TPJ to Madison Parish Correctional Center. There, she advised medical staff of her broken wrist and need for additional treatment.  However, despite being aware of **KEMP's** condition and her need for treatment by an orthopedic specialist, Defendants **TABITHA GRANTHAM** and **TIFFANY ASHLEY** failed to arrange for **KEMP** to be seen by an orthopedic specialist for follow-up care.

4

These Defendants instead ignored the risk that **KEMP's** injury required surgical intervention or other treatment from an orthopedic doctor for proper healing.

16. The Plaintiff was released from incarceration on or about October 4, 2024. Although it had started to heal, her left wrist was deformed and continued to be painful because she had not received the necessary follow-up care. She had also lost some function in the wrist.

17. On October 16, 2024, the Plaintiff sought treatment at a hospital because her wrist continued to be painful and she was continuing to lose functioning in her hand/wrist. X-rays revealed that the bones in her wrist had healed improperly, causing the wrist to be deformed. The orthopedic specialist recommended surgical treatment, which the Plaintiff received on that same date. This surgery was more invasive and traumatic than it would have been had the Plaintiff received timely medical care because the surgeon had to re-break the bone in her wrist for proper alignment.

18. At all times mentioned herein, Defendants **JAMES CONSTANZER, MORITHA JOHNSON, SAVANNAH CLARK,** and **TAMMIE WALGAMOTTE** were employed by Defendant **TURN KEY** and were acting in the course and scope of their employment.

19. At all times mentioned herein, Defendants **TABITHA GRANTHAM** and **TIFFANY ASHLEY** were employed by Defendant **SHERIFF EZELL** and were acting in the course and scope of their employment.

20. All of the Defendants are liable to the Plaintiff for compensatory and punitive damages.

21. All of the Defendants are liable jointly, severally, and in solido for the Plaintiff's injuries.

22. The Defendants' actions were reckless, willful, wanton, and malicious, and constitute deliberate indifference to the rights of the Plaintiff. In the alternative, the Defendants' actions were negligent.

## IV. CAUSES OF ACTION

23.    Plaintiff repeats and re-alleges each and every allegation of the complaint.

24.    *Constitutional Violations*. The individual Defendants, **JAMES CONSTANZER, MORITHA JOHNSON, SAVANNAH CLARK, TAMMIE WALGAMOTTE, TABITHA GRANTHAM,** and **TIFFANY ASHLEY**, acting individually and together, under color of law, violated the Plaintiff's right to adequate medical care while she was held in custody, as protected by the Eighth and Fourteenth Amendments of the United States Constitution.  At all pertinent times, these Defendants, acting individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety and constitutional and civil rights of Plaintiff.  Accordingly, these Defendants are liable to the Plaintiff under 42 U.S.C. § 1983.

25.    *State Law Torts Against Defendants* **JAMES CONSTANZER, MORITHA JOHNSON, SAVANNAH CLARK, TAMMIE WALGAMOTTE, TABITHA GRANTHAM,** and **TIFFANY ASHLEY**.  The above-described actions and inactions of these Defendants, who were healthcare professionals charged with the care of Plaintiff **KEMP**, fell beneath the applicable standard of care for such professionals and resulted in serious harm to the Plaintiff.  These Defendants are therefore liable to the Plaintiff for their negligence.

26.    *State law claim against Defendant* **SHERIFF STICKER**.  At all times relevant hereto, Defendant **SHERIFF STICKER** was ultimately responsible for ensuring that inmates held in custody at TPJ received constitutionally adequate health care while incarcerated.  As described above, the Plaintiff did not receive adequate health care while she was in the custody of Defendant **SHERIFF STICKER**.  On information and belief, **SHERIFF STICKER** was on notice that the health care being provided to inmates by Defendant **TURN KEY** and its employees at TPJ was inadequate in various ways.  Accordingly, **SHERIFF STICKER** is liable

for his negligent failure to ensure that inmates at TPJ were provided adequate health care while they were incarcerated.

27. *State law claim against Defendant* **TURN KEY**. At all relevant times, Defendants **JAMES CONSTANZER, MORITHA JOHNSON, SAVANNAH CLARK,** and **TAMMIE WALGAMOTTE** were acting in the course and scope of their employment with Defendant **TURN KEY**. The doctrine of respondeat superior therefore applies for the state-law torts alleged in this Complaint against these Defendants, and Defendant **TURN KEY** is liable to the Plaintiff for the tortious acts of its employees.

28. *State law claim against Defendant* **SHERIFF EZELL**. At all relevant times, Defendants **TABITHA GRANTHAM** and **TIFFANY ASHLEY** were acting in the course and scope of their employment with Defendant **SHERIFF EZELL**. The doctrine of respondeat superior therefore applies for the state-law torts alleged in this Complaint against these Defendants, and Defendant **SHERIFF EZELL** is liable to the Plaintiff for the tortious acts of his employees.

## V. DAMAGES

29. As a result of the above-described civil rights violations, Plaintiff **KEMP** suffered physical injuries, mental and emotional pain and suffering, anguish and distress, medical expenses, and lost wages, all as will be determined at a trial of this matter.

30. In addition to recovering damages, Plaintiff **KEMP** seeks reasonable attorneys' fees in accordance with 42 U.S.C. § 1988, plus judicial interest, and for the Defendants to bear all costs of these proceedings.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, **KRYSTAL KEMP**, prays the Defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercise its

supplemental jurisdiction over the state law claims, and after due proceedings there be a judgment in his favor and against all Defendants, holding them liable jointly, severally, and in solido as follows:

1.      Compensatory and punitive damages alleged herein, together with judicial interest,

2.      All attorneys' fees as provided in 42 U.S.C. §1988, and that the Defendants bear all costs of these proceedings and all legal interest

3.      All further legal, equitable, and general relief available.

Respectfully submitted,

/s/ Stephen J. Haedicke

_____
**STEPHEN J. HAEDICKE** (Bar Roll No. 30537)
1040 St. Ferdinand St.
New Orleans, LA 70117
(504)291-6990 Telephone
(504)291-6998 Fax
stephen@haedickelaw.com