**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| KRYSTAL KEMP<br><br>             *Plaintiff*<br><br>   V.<br><br>GERALD STICKER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF TANGIPAHOA PARISH, TURN KEY HEALTH CLINICS, INC., JAMES CONSTANZER, MORITHA JOHNSON, SAVANNAH CLARK, TAMMIE WALGAMOTTE, CHAD EZELL, IN HIS OFFICIAL CAPACITY AS SHERIFF OF MADISON PARISH, TABITHA GRANTHAM, AND TIFFANY ASHLEY<br>             *Defendants* | CIVIL ACTION NO. 2:25-CV-01216<br><br>SECTION "O"<br><br>JUDGE BRANDON S. LONG<br><br>MAGISTRATE DONNA PHILLIPS CURRAULT |

**ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

**NOW INTO COURT**, through undersigned counsel, comes Defendants, Turn Key Health Clinics, Inc., James Constanzer, Moritha Johnson, Savannah Clark, and Tammie Walgamotte, (collectively, "Defendants") and for their Answer, Affirmative Defenses, and Demand for Jury Trial set forth the following in response to Plaintiff's Complaint.

1.

The allegations in Paragraph 1 of the Complaint are denied.

2.

The allegations of Paragraph 2 of the Complaint require no response of these Defendants. Defendants do not contest jurisdiction in this court.

3.

The allegations of Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 of the Complaint are directed toward another defendant and require no answer of these Defendants. To the extent the allegations of Paragraph 4 could be construed adversely to these Defendants, they are denied.

5.

The allegations of Paragraph 5 of the Complaint are admitted only to the extent that it had a contract associated with the provision of certain services at the jail. The allegations of Paragraph 5 of the Complaint are otherwise denied to the extent they are inconsistent with the terms of the applicable contract.

6.

The allegations of Paragraph 6 of the Complaint are admitted to the limited extent that these individual Defendants were employed by Turn Key during the relevant time frame.

7.

The allegations of Paragraph 7 of the Complaint are directed toward another defendant and require no answer from these Defendants. To the extent the allegations of Paragraph 7 could be construed adversely to these Defendants, they are denied.

8.

The allegations of Paragraph 8 of the Complaint are directed toward another defendant and require no answer of these Defendants. To the extent the allegations of Paragraph 8 could be construed adversely to these defendants, they are denied.

9.

It is admitted that Plaintiff was incarcerated in the Tangipahoa Parish Jail on or about August 20, 2024.

10.

The allegations in Paragraph 10 of the Complaint are denied.

11.

The allegations of Paragraph 11 of the Complaint are denied.

12.

The allegations of Paragraph 11 of the Complaint are denied.

13.

The allegations of Paragraph 13 of the Complaint are denied.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the Complaint are denied.

17.

The allegations of Paragraph 17 of the Complaint are denied.

18.

The allegations of Paragraph 18 of the Complaint are admitted only to the extent that the referenced individuals were employed by Turn Key.

19.

The allegations of Paragraph 19 of the Complaint are directed toward other defendants and require no answer of these Defendants. To the extent the allegations of Paragraph 19 could be construed adversely to these defendants, they are denied.

20.

The allegations of Paragraph 20 of the Complaint are denied.

21.

The allegations of Paragraph 21 of the Complaint are denied.

22.

The allegations of Paragraph 22 of the Complaint are denied.

23.

The allegations of Paragraph 23 of the Complaint require no answer of these Defendants. In the event any answer is required, the allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 of the Complaint are denied.

25.

The allegations of Paragraph 25 of the Complaint are denied.

26.

The allegations of Paragraph 26 of the Complaint are denied.

27.

The allegations of Paragraph 27 of the Complaint are denied.

4

28.

The allegations of Paragraph 28 of the Complaint require no answer of these Defendants. To the extent the allegations of Paragraph 28 could be construed adversely to these defendants, they are denied

29.

The allegations alleged in Paragraph 29 of the Complaint are denied.

30.

The allegations alleged in Paragraph 30 of the Complaint and Plaintiff's Prayer are denied.

31.

**AND NOW, FURTHER ANSWERING,** Defendants set forth the following Affirmative Defenses in connection with the Plaintiff's Complaint.

32.

The Complaint fails to state a claim against Defendants upon which relief can be granted.

33.

Any damage alleged by Plaintiff was caused or contributed to by Plaintiff and any recovery should be precluded.

34.

Any damage alleged by Plaintiff was caused or contributed to by the fault, negligence or want of due care, breach of contract, express or implied, of other persons, businesses, entities or corporations for whom Defendants not legally responsible.

5

35.

In the alternative, if it is found that damages complained of were caused or contributed to by the fault of Defendants, which is specifically denied, Defendants plead the comparative fault of plaintiff and/or other persons, businesses, entities, or corporations for whom Defendants are not legally responsible, and Defendants are entitled to have any reward or recovery due plaintiff mitigated or reduced accordingly.

36.

Defendants plead all benefits and immunities afforded to it pursuant to La. R.S. 15:703 for acts made within the course and scope of its contractual relationship.

37.

Defendants plead all benefits and immunities afforded to it pursuant to La. R.S. 13:5106, expressly including, but in no way limited to the statutory limitation of damages contained therein.

38.

Defendants further plead that if plaintiff is entitled to any recovery, which these Defendants specifically deny, the costs and interest awarded will be fixed pursuant to La. R.S. 13:5112.

39.

Defendants further plead that no claim is available to Plaintiff for the alleged violation of Civil Rights of Plaintiff as all Policies, Procedures and Protocols put in place were appropriate.

40.

Defendants further plead all available defenses of sovereign, absolute, and/or qualified immunity under Louisiana or Federal law.

41.

Plaintiff has failed to mitigate any and all damages claims are due and as a result any recovery shall be reduced or limited accordingly.

42.

Plaintiff is not entitled to recover attorneys' fees or punitive damages.

43.

The Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

44.

Any actions taken by Defendants were in good faith and met the applicable standard of medical care in the correctional environment.

45.

Defendants' actions were reasonable, justified, and legally permissible under the circumstances.

46.

To the extent applicable, Defendants plead any or all statutory limitations of liability that may apply as a contractor with a political subdivision of the State of Louisiana in anyway related to any participation it may have had in policy making or discretionary acts decisions, including but not limited to immunity pursuant to La. R.S. 9:2798.1.

47.

Plaintiff failed to exhaust the available administrative remedies as required by 42 U.S.C. §1997 and/or Louisiana state law.

48.

Plaintiff cannot establish that Defendants acted with deliberate indifference to a serious medical need as required under the Eighth and Fourteenth Amendments for this 42 U.S.C. §1983 claim to be viable.

49.

To the extent applicable, Defendants plead any or all statutory limitations of liability that may apply as a contractor with a political subdivision of the State of Louisiana, including La. R.S.9:2800, *et seq.*, and the statutory immunity set forth therein.

50.

Defendants affirmatively plead that Plaintiff's claims are prescribed and/or time-barred as a matter of law.

51.

Defendants demand a trial by jury.

**WHEREFORE**, Turn Key Health Clinics, Inc., James Constanzer, Moritha Johnson, Savannah Clark, and Tammie Walgamotte, pray that this Answer be deemed good and sufficient and that after due proceedings are had there be judgment in their favor, dismissing all claims against them, with prejudice, and for any and all just and equitable relief.  These defendants demand a trial by jury.

*(Attorney signature on following page)*

8

Respectfully submitted,


*/s/ Ethan A. King*

**Carl E. Hellmers, III**   (#25705)
**Ethan A. King**  (#41297)
**Deutsch Kerrigan, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone:  504 581 5141
Facsimile:   504 566 1201
chellmers@deutschkerrigan.com
eking@deutschkerrigan.com
***Attorneys for Defendants***

9